UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ST. JOSEPH'S CONDOMINIUM ASSOCIATION, INC. | * | CIVIL ACTION |
| | * | |
| | * | NO. 07-3959 |
| VERSUS | * | |
| | * | SECTION "L"(2) |
| PACIFIC INSURANCE COMPANY | * | |

## ORDER & REASONS

Before the Court is Defendant Pacific Insurance Company's Motion for Summary Judgment. (Rec. Doc. No. 23). For the following reasons, the motion is GRANTED.

**I.     Background**

This case arises out of property damage as a result of rains in the Parish of Orleans, State of Louisiana, on May 4, 2007. The rains or winds caused the gutter system at St. Joseph Condominium Association to overflow, resulting in damage to the property at 801 St. Joseph Street in New Orleans, Louisiana. The property in question is a condominium unit, which was covered by a commercial property insurance policy issued by Defendant, Pacific Insurance Company, Limited ("Pacific"). Individual units and common areas were damaged as a result of the overflow. The Plaintiff claims it submitted a proof of loss, but has not received any payment. The Plaintiff claims breach of the insurance contract, and seeks damages, including bad faith damages pursuant to La. R.S. 22:1220, 22:658 and Louisiana Civil Code article 1997.

The Defendant has answered and denied liability. The Defendant argues that the Plaintiff's claims are excluded by the policy. The Defendant further asserts that any of the Plaintiff's claims must be offset by the applicable deductible. The Defendant's defenses also include the Plaintiff's failure to mitigate damages, that the damages were caused by the acts or omissions of

others, that punitive damages would violate the due process clause of the United States Constitution, and that the controversy regarding coverage of Plaintiff's claims precludes a finding of bad faith.

## II.     THE MOTION

In the present motion, the Defendant argues that no genuine issues of material fact exist in this case and that it is entitled to judgment as a matter of law. The Defendant argues that the rain caused damage as a result of a pre-existing opening, and, as a result, the damages are excluded by the terms of the insurance policy. The Defendant further argues that the Plaintiff's claim does not exceed the applicable deductible. Because the Defendant is not liable under the contract, the Defendant argues that Plaintiff's extra-contractual claims also fail as a matter of law.

The Defendant argues that the exclusion for water that backs up from a sewer, drain or sump bars recovery in this case. The Defendant further argues that the water entered the building as a result of construction defects, and this is not a covered loss. The Defendant cites to the policy section stating, "[Pacific] will not pay for loss or damage to... the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters..." *See* Ins. Policy, attached as Ex. "A" to Def.'s Mot. For Summ. J. (Rec. Doc. No. 23). Thus, since the water entered the building through pre-existing openings due to construction defects, not a Covered Cause of Loss, the Defendant argues the resulting damage is not covered by the policy.

In the alternative, the Defendant argues that if the damage was caused by "Wind,

Hail, Wind Driven Water, Collapse Due to Wind, and Any Other Wind Related Perils," the $320,000 deductible applies, in accordance with the terms of the insurance policy. The Defendant claims that the only building damaged was Building 1, which is valued at $320,000,000. According to the policy, the applicable deductible is 10% of the total value of the insured property. Therefore, this building is subject to a $320,000 deductible. Since the Plaintiff's claimed damages are $211,219.66, according to its Rule 26 Initial Disclosures, the damages do not exceed the deductible, so the Plaintiff is unable to recover as a matter of law. Finally, the Defendant argues that because there is a genuine issue as to Plaintiff's eligibility for damages under the policy, Plaintiff cannot recover under its' extra-contractual claims.

In response, the Plaintiff claims that the policy does not exclude damage as a result of gutter overflow. The Plaintiff claims that the policy is ambiguous in this respect and should be construed against the insurer, citing *Ray Brandt Motors, LLC v. Certain Underwriters at Lloyds, London*, 2008 WL 79795 (E.D. La. Jan. 4, 2008) and *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La.1/14/94), 630 So.2d 759, 763-64. . The Plaintiff states, 'There is not an Exclusion or Limitation for water that backs up from an "above ground" gutter or gutter system. There is an Exclusion for the back-up of below ground "sewer, drain or sump." *Pl.'s Resp. Mem. in Opp'n re: Mot. for Summ. J.* (Rec. Doc. No. 24).  If the damage was caused by gutter overflow, not wind, the $5,000 deductible should apply. The Plaintiff alleges that the infiltration of water caused over $200,000 in damages to the interior of the building. Thus, the Plaintiff claims it is entitled to recover for damages. Since the Plaintiff is entitled to recover, there remains a genuine issue of material fact as to whether the Defendant's denial of the claim was arbitrary, capricious and without probable cause.

**III.        LAW AND ANALYSIS**

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56©. "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

The interpretation of an insurance contract is typically a question of law that can be properly resolved in a motion for summary judgment. *See Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2182 & 99-2257 (La.2/29/00), 755 So.2d 226, 230. Under Louisiana law, an insurance policy is an agreement between the parties and is interpreted using ordinary contract principles. *See Reynolds v. Select Props., Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. Therefore, when the words of the policy are clear, unambiguously express the intent of the parties, and lead to no absurd consequences, the contract must be enforced as written. *See Cent. La. Elec. Co. v. Westinghouse Elec. Corp.*, 579 So.2d 981, 985 (La.1991). If, however, the words of the policy are ambiguous, the ambiguous provision is to be construed against the drafter and in favor of the insured. *See La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La.1/14/94), 630 So.2d 759, 763-64. In addition, the insurer has the burden of showing that a loss falls within a policy exclusion. See *La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1252 (La.1993). Lastly, policy exclusions are to be strictly construed in favor of coverage.

*See Garcia v. St. Bernard Parish Sch. Bd.*, 576 So.2d 975 (La.1991).

Nevertheless, "[r]ules of construction require that words of a contract are to be understood, like those of a law, in their common and usual signification, without attending so much to grammatical rules, as to the general and popular use." *Commercial Union Ins. Co. v. Advance Coating Co.*, 351 So.2d 1183, 1185 (La.1977). The rule of strict construction does not authorize a perversion of language. *See id.* (citing *Muse v. Metropolitan Life Ins. Co.*, 192 So. 72 (La.1939)).

With these burdens and rules of contract interpretation in mind, the Court first considers the Policy language at issue in the present case. The Policy provision in dispute provides, in pertinent part, as follows:

**B. EXCLUSIONS**

    1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

***

    **g. Water**

      **(1)** Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

***

      **(3)** Water that backs up or overflows from a sewer, drain or sump

The Plaintiff argues, "Since the policy is silent on the issue of a back-up from an above-ground gutter or gutter system, there is coverage or, at a minimum, an ambiguity in the policy." The Plaintiff is correct that, if after applying the other general rules of construction an ambiguity remains, the ambiguous contract provision is to be construed against the insurer and in favor of coverage. *Sher v. Lafayette Ins. Co.,* 988 So.2d 186, 193 (La. 2008). That strict

construction principle, however, is subject to exceptions. One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. *Id.*

The policy does not define sewer, drain or sump. When a term is undefined, the Court must construe it in accordance with its natural, plain and ordinary meaning, which may be informed by the term's dictionary definition. *Allison v. Allstate Indemnity Company*, 2008 WL 2631557 (E.D. Pa. June 27, 2008). Merriam-Webster's Online Dictionary defines a gutter as a "trough along the eaves to catch and carry off rainwater." *See* Merriam-Webster Online Dictionary, www.merriam-webster.com/disctionary. A trough is defined as, "a conduit, drain, or channel for water." A drain is "a means (as a pipe) by which usually liquid matter is drained," and to drain is defined as, "to draw off (liquid) gradually or completely." *Id*. Indeed, the word "drain" is a synonym for "gutter". Roget's Thesaurus II: The New Thesaurus (2003). Thus, under the plain language of the policy, the damage resulted from an excluded cause.

The Plaintiff further urges that "There is not an Exclusion or Limitation for water that backs up from an 'above ground' gutter or gutter system," therefore the policy is ambiguous and should be construed to include coverage for such damage. However, the Louisiana Supreme Court has rejected the restrictive construction of an unambiguous term in favor of its plain, ordinary and generally prevailing meaning. In *Sher v. Lafayette Ins. Co.*, the plaintiff argued that the flood exclusion in a commercial property policy was ambiguous because it failed to distinguish between man-made flood and natural flood. 988 So.2d 186 (La. 2008) The plaintiff urged the *Sher* court to construe the ambiguity against the insurer and find that the policy included coverage for the damages at issue. The court rejected this argument, and found that the term "flood" included both man-made floods and natural floods. The *Sher* court noted that the

generally accepted meaning of the term "flood" did not include a distinction between artificial and natural floods, and the *Sher* court found no reason to invent such a distinction when the terms of the insurance policy provided no reason to construe different meanings for the word "flood." *See also In re: Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007) (concluding that under Louisiana law, flood exclusions in insurance policies are unambiguous and that man-made flooding "fits squarely within the generally prevailing meaning of the term 'flood'" just as much as natural flooding, and is therefore excluded by the terms of the policy).

Similarly, this Court finds that the terms of the policy unambiguously exclude water that backs up or overflows from a sewer, drain or sump. The overflow at issue in this case is excluded by the terms of the policy, and the Court finds no reason to distinguish between overflow from an above-ground gutter or drain and overflow from an underground gutter or drain.  To fail to give the generally prevailing common meaning to a term in an insurance contract, when the use of that meaning would be perfectly reasonable, in favor of a more restrictive meaning, is without justification, and appears to be more result determinative than legally warranted. *Sher v. Lafayette Ins. Co.,* 988 So.2d 186, 195 (La. 2008)  Instead, following *Lane v. USAA Casualty Ins. Co.*, No. 06-5147, 2007 WL 854310 (E.D.La. Mar. 15, 2007) and Proctor v. State Farm Co., No. 06-5145 (E.D.La. Feb. 5, 2007), the Court finds no ambiguities in the policy at issue and therefore interprets it according to its plain language.

The Plaintiff does not have a claim in this case against the Defendant under the insurance contract. "Statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and was acting in good faith reliance on that defense." *Maurice v. Prudential Ins. Co.*, 831 So.2d 381, 388 (La. App. 4 Cir. 10/23/02). (internal citations omitted); see also *New York Marine and Gen. Ins. Co. v. McDermott Int'l, Inc.*, 2005 WL 1400450, at *5 (E.D.La.

June 1, 2005) ("When an insurer has legitimate doubts about coverage for a particular claim, the insurer has the right to litigate such a questionable claim without being subjected to damages and penalties."). This insurer had legitimate doubts about coverage. The fact that the parties disputed the extent of coverage according to the terms of the policy does not warrant the imposition of statutory penalties for bad faith. As such, the Plaintiff's other claims involving breach of contract and bad faith refusal to provide payment under the claim also fail as a matter of law. As the Court decides the matter on the exclusion issue, the Court need not reach the other issues raised by the Defendant in its motion.

**IV.     Conclusion**

For the foregoing reasons, IT IS ORDERED that Defendant Pacific's Motion for Summary Judgment (Rec. Doc. No. 23) is GRANTED.

New Orleans, Louisiana this 24th day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE